## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KEENAN K. COFIELD              :
                                      :
      v.                        :      CIVIL NO. CCB-14-0008
                                        :
CORIZON INC., *et al.*        :
                               ...o0o...

## MEMORANDUM

The history of this case is set out in the court's January 16, 2014 Order.  (Order, ECF No. 31.)  Presently pending are a motion to dismiss filed by the defendant Corizon, Inc. ("Corizon") (ECF No. 50) and a motion to dismiss or for summary judgment filed by the Maryland defendants[1] (ECF No. 57).  For the reasons set forth below, both motions will be granted.

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints."  *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief

---

[1] Those defendants are Martin O'Malley, former Governor of the State of Maryland; Douglas Gansler, former Attorney General of the State of Maryland; Nancy K. Kopp, Treasurer of the State of Maryland; Gary Maynard, former Secretary of the Department of Public Safety and Correctional Services; the Maryland Board of Public Works; and the State of Maryland.

above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

citations omitted). "[A] plaintiff need not 'forecast' evidence sufficient to prove the elements of

the claim. However, the complaint must allege sufficient facts to establish those elements . . . .

[and] advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters*, 684

F.3d at 439 (citations omitted) (quoting *Twombly*, 550 U.S. at 570).

This court must construe pro se complaints liberally. *See Erickson v. Pardus*, 551 U.S.

89, 94 (2007). But the court may not ignore a pleading's failure to allege facts that set forth a

cognizable claim. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990). With

these standards in mind, the court considers each motion below.

**I.   Corizon's Motion to Dismiss**

The court will grant Corizon's motion to dismiss because, under any construction of the

allegations in his complaint, Cofield has failed to state a claim upon which relief can be granted.

The only potentially plausible claim against Corizon—the corporate entity that employed the

medical care providers at the Chesapeake Detention Facility—is in the first count, which alleges

medical malpractice and a failure to provide medical care. But to the extent Cofield alleges an

Eighth Amendment violation under section 1983 for deliberate indifference to his serious

medical needs, his claim fails because Corizon cannot be liable under a respondeat superior

theory, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Rodriguez v. Smithfield*

*Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003) (extending principles of section 1983 municipal

liability to private corporations), and Cofield's complaint does not plausibly allege that Corizon

had any official policy or custom that caused a deprivation of his federal rights. To the extent

Cofield is alleging a state medical malpractice claim against Corizon, his claim also fails because

he did not comply with the exclusive statutory procedure for such claims provided in Maryland's Health Care Malpractice Claims Act, Md. Code, Cts. & Jud. Proc. § 3-2A-01 *et seq. See Carroll v. Konits*, 929 A.2d 19, 26 (Md. 2007) ("[I]n order to maintain a[] [medical malpractice] action against a health care provider, a plaintiff is required to file a Certificate and an attesting expert's report *in addition to* filing a complaint." (emphasis in original)).

Accordingly, the court will grant Corizon's motion to dismiss.

## II. The Maryland Defendants' Motion to Dismiss

The court will also grant the Maryland defendants' motion to dismiss because Cofield's claims are barred by the Eleventh Amendment. The Eleventh Amendment prohibits suit in federal court by private individuals against a state, a state agency, or a state official sued in her official capacity unless the state has consented to suit or Congress has lawfully abrogated the state's immunity. *See Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479 (4th Cir. 2005). All of the Maryland defendants fall within the scope of the Eleventh Amendment, and Maryland has not consented to suit in federal court for the claims Cofield alleges. *See Davenport v. Maryland*, --- F. Supp. 2d ---, Civ. No. GLR-13-1249, 2014 WL 3887932, at *8 (D. Md. Aug. 6, 2014).

To the extent Cofield brings his claims against the state officials in their personal capacities, his claims also fail. "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (emphasis in original) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Yet Cofield does not allege facts showing that any of the state officials personally caused a deprivation of Cofield's federal rights. Absent allegations that

make plausible such a link, Cofield's claims against the state officials in their personal capacities must also be dismissed.[2]

Accordingly, the court will grant the Maryland defendants' motion to dismiss.

* * *

For the reasons stated above, both pending motions to dismiss will be granted.

A separate Order follows.


<u>February 9, 2015</u>                        <u>       /S/       </u>
Date                                        Catherine C. Blake
                                            United States District Judge

---

[2] Even if he could overcome the Eleventh Amendment, Cofield has not shown he has exhausted the administrative remedies available to him as required by the federal Prisoner Litigation Reform Act, 42 U.S.C. § 1997(e), and its state counterpart, the Maryland Prisoner Litigation Act, Md. Code, Cts. & Jud. Proc. § 5-1001 *et seq.*